**Electronically Filed
Supreme Court
SCWC-14-0000987
29-APR-2021
02:44 PM
Dkt. 44 AMSDO**

SCWC-14-0000987

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

DAVID T. FLEMING,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000987; CASE NO. 2PC061000570)

AMENDED SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Petitioner/Defendant-Appellant David T. Fleming

("Fleming") appeals from the Intermediate Court of Appeals'

("ICA") September 6, 2017 Judgment on Appeal, remanding the case

to the Circuit Court of the Second Circuit ("circuit court") to

determine if Fleming was competent at the time he was tried.[1]

---

[1] The Honorable Joel E. August presided over the case until his retirement on March 18, 2011. Upon his retirement, the case was assigned to the Honorable Rhonda I.L. Loo.

On November 3, 2006, Fleming was charged by indictment with one count of Sexual Assault in the First Degree.[2]  Prior to trial, on October 23, 2007 and again on August 14, 2008, Fleming's counsel filed separate Motions for Examination pursuant to Hawai'i Revised Statutes ("HRS") § 704-404 (1993 & Supp. 2012)[3] to determine if Fleming was fit to proceed to trial. The circuit court granted both motions.  On two separate occasions, Fleming was examined by the same three court-appointed mental health examiners to determine whether Fleming had the capacity to understand the proceedings against him and

---

[2]     HRS § 707-730(1)(a) (2019) provides that "[a] person commits the offense of sexual assault in the first degree if . . . [t]he person knowingly subjects another person to an act of sexual penetration by strong compulsion[.]"

[3]     HRS § 704-404 provides as follows:

**§ 704-404.  Examination of defendant with respect to physical or mental disease, disorder, or defect Excluding fitness to proceed.**
(1) Whenever the defendant has filed a notice of intention to rely on the defense of physical or mental disease, disorder, or defect excluding responsibility, or there is reason to doubt the defendant's fitness to proceed, or reason to believe that the physical or mental disease, disorder, or defect of the defendant will or has become an issue in the case, the court may immediately suspend all further proceedings in the prosecution.  If a trial jury has been empaneled, it shall be discharged or retained at the discretion of the court.  The discharge of the trial jury shall not be a bar to further prosecution.

to assist in his own defense.[4]  Based on the independent opinions of all three examiners, on February 27, 2008 and December 3, 2008, the circuit court found Fleming fit to proceed to trial.[5]

Trial began on January 11, 2010.  Fleming elected to testify in his defense.  Prior to the presentation of the defense's case, Fleming's counsel informed the circuit court that, based on his interactions with Fleming that day, it was his belief that Fleming was not fit to proceed.  Fleming's counsel argued to the court:

> Judge, before we get the jury in, I have a concern about whether my client – his right to testify in his, and I completely understand that.  I am concerned, and based on my discussions with him today, that I don't believe that his testimony, that he's able to assist in his defense to some degree, without revealing the contents of any discussions.

---

[4]  HRS § 704-404(2) provides:

Upon suspension of further proceedings in the prosecution, the court shall appoint three qualified examiners in . . . to examine and report upon the physical and mental condition of the defendant. . . . The examination may be conducted on an out-patient basis or, in the court's discretion, when necessary the court may order the defendant to be committed to a hospital or other suitable facility for the purpose of the examination for a period not exceeding thirty days, or such longer period as the court determines to be necessary for the purpose.  The court may direct that one or more qualified physicians or psychologists retained by the defendant be permitted to witness the examination.  As used in this section, the term "licensed psychologist" includes psychologists exempted from licensure by section 465-3(a)(3).

[5]  The terms "fit to proceed" and "competent" are used interchangeably by both the circuit court and the ICA.

> I just believe that there is a fitness to proceed issue, especially with regards to his ability to testify and communicate, and that I believe some of the comments that may come out, and we're not talking about confessions, but would be so highly prejudicial to him, it almost – what may happen to him is that he could testify and improper inferences could be made with regards to his testimony. And I'm not talking about that at all.
>
> That there's been discussions, which I, at least as an officer of the Court, and as a defense attorney, have been doing this for a long time, feel very uncomfortable, even with this waiver, as well as with the fact that my client is going to take the stand, and based on what I know about what he's going to talk about, some of what he's going to talk about, I have some real concerns.
>
> And I think I need to orally move this Court, at least for the record, I understand we've had two prior 704-404 exams, but I feel it necessary to make an oral motion for a 704-404 exam limited strictly to fitness to proceed.

The circuit court denied the motion, explaining that it reviewed the previous two HRS § 704-404 exam reports, and the circuit court had "not observed Mr. Fleming to have done or said anything in court that would indicate that he [was] not competent or fit to proceed."

Thereafter, Fleming testified in his own defense. On January 25, 2010, the jury found Fleming guilty of Sexual Assault in the First Degree.

After the jury verdict, Fleming filed a Motion for New Trial.[6] Fleming argued, in part, that he was incompetent during the trial. He argued that, because a significant amount of time had passed since the trial, a hearing retrospectively evaluating

---

[6]    Following the trial Fleming retained new counsel.

4

whether he had been competent at the time of trial would be impractical. In support of the argument that Fleming was incompetent at the time of trial, the defense provided a report from Marvin W. Acklin, Ph.D. ("Dr. Acklin"), in which Dr. Acklin opined that Fleming was not fit to proceed during trial and that he was not currently competent to stand trial. The circuit court denied Fleming's Motion for New Trial; however, the court ordered a third examination pursuant to HRS § 704-404, specifically to determine if Fleming was competent to proceed to sentencing. The circuit court's order denying Fleming's Motion for New Trial did not address whether Fleming was competent during his trial, but did find that Fleming's counsel failed to exercise due diligence to obtain evidence to support the claim of "pre-trial unfitness." Specifically, the circuit court noted that the "most critical evidence" supporting a new trial was the report by Dr. Acklin, which the court determined could have been discovered well in advance of trial.

Based on the unanimous expert findings of Dr. Acklin and the three court-appointed examiners that Fleming was incompetent to be sentenced, both the State and Fleming stipulated that Fleming was not fit to proceed to sentencing. Accordingly, the circuit court found Fleming was not fit to proceed and suspended proceedings.

5

Subsequently, on February 12, 2014, following a contested competency hearing, the circuit court issued its ruling that Fleming was fit to proceed to sentencing, the testimony of a treating psychiatrist who had treated Fleming and two of the three court-appointed examiners testifying that Fleming was not so fit.

On May 29, 2014, the circuit court filed its "Findings of Facts, Conclusions of Law, and Order Finding Defendant Fit to Proceed" in support of its conclusion that Fleming was fit to proceed to sentencing. On July 18, 2014, Fleming was sentenced to twenty years of imprisonment.

On July 21, 2014, Fleming filed a notice of appeal. Fleming argued in his opening brief, in part, that the circuit court erred in denying his Motion for New Trial and that he had been incompetent during his trial.

The ICA held, in part, that the circuit court erred in failing to render a decision regarding Fleming's competency during trial and remanded the case to have the circuit court determine whether Fleming was competent at the time of his trial. The ICA instructed the circuit court that if it determined that Fleming was incompetent at trial or was unable to determine Fleming's competency at the time of trial, the ICA would vacate Fleming's conviction and grant him a new trial.

6

Fleming filed an application for writ of certiorari to review the ICA's memorandum opinion on November 6, 2017. Fleming raised the issue as to whether the ICA correctly held that Fleming was not deprived of due process when the circuit court refused to provide him a hearing during trial as to whether he was incompetent pursuant to HRS § 704-404.

After accepting certiorari, this court remanded to the circuit court to determine whether it was possible to determine that Fleming was fit during trial.[7]  Having found it impossible to determine whether Fleming was fit during trial, the circuit court duly transferred jurisdiction back to this court.

The circuit court's conclusion that it is not possible to determine whether Fleming was competent during trial necessitates that he receive a new trial.  It is well settled that "the criminal trial of an incompetent defendant violates

---

[7]     The Order for Temporary Remand provided:

> IT IS HEREBY ORDERED that the case is temporarily remanded to the Circuit Court.  Within 180 days from the date of this order, the Circuit Court shall, after hearing, decide whether a retrospective determination as to whether the defendant was competent during trial is possible[.]  If a retrospective competency determination is possible, the Circuit Court shall decide whether the defendant was competent during trial.
> Within 10 days after the Circuit Court makes the aforementioned determinations, the clerk of the Circuit Court shall supplement the record on appeal with all documents entered on temporary remand.

due process."  Cooper v. Oklahoma, 517 U.S. 348, 354 (1996).

This is because

> [f]or the defendant, the consequences of an erroneous
> determination of competence are dire.  Because he
> lacks the ability to communicate effectively with
> counsel, he may be unable to exercise other "rights
> deemed essential to a fair trial."  Riggins v.
> Nevada, 504 U.S., at 139, 112 S.Ct., at 1817
> (Kennedy, J., concurring in judgment).  After making
> the "profound" choice whether to plead guilty, the
> defendant who proceeds to trial
>
> > "will ordinarily have to decide whether to
> > waive his 'privilege against compulsory self-
> > incrimination,' Boykin v. Alabama, 395 U.S.
> > 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274
> > (1969), by taking the witness stand; if the
> > option is available, he may have to decide
> > whether to waive his 'right to trial by jury';
> > and, in consultation with counsel, he may have
> > to decide whether to waive his 'right to
> > confront [his] accusers,' by declining to
> > cross-examine witnesses for the prosecution."
>
> With the assistance of counsel, the defendant also is
> called upon to make myriad smaller decisions
> concerning the course of his defense.  The importance
> of these rights and decisions demonstrates that an
> erroneous determination of competence threatens a
> "fundamental component of our criminal justice
> system" - the basic fairness of the trial itself.

Id. at 364 (some citations omitted).

As noted by the ICA, ample evidence subsequent to

trial supported Fleming's Motion for New Trial.  The report of

defendant's expert, Dr. Acklin, was based upon Fleming's

behavior during trial.  In addition, based on the fitness

examinations after trial, the circuit court determined that

Fleming was not fit to proceed to sentencing.  In this context,

the circuit court's refusal to consider the new evidence that

Fleming was incompetent during trial constituted an abuse of discretion.

For the reasons set forth herein, the ICA's September 6, 2017 Judgment on Appeal, the circuit court's July 18, 2014 Judgment of Conviction and Sentence, and the circuit court's March 16, 2011 Findings of Fact, Conclusions of Law and Order Denying Defendant's Motion for New Trial are vacated and the case is remanded to the circuit court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, April 29, 2021.

| | |
|---|---|
| Hayden Aluli<br>for petitioner/defendant-<br>appellant | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Richard K. Minatoya<br>for respondent/plaintiff-<br>appellee | /s/ Sabrina S. McKenna |
| | /s/ Michael D. Wilson |
| | /s/ Todd W. Eddins |

