**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000510
16-SEP-2022
07:45 AM
Dkt. 79 SO**

NO. CAAP-20-0000510

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MICHELLE JEFFERSON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-20-0001581)

## SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Michelle **Jefferson** appeals from the "Notice of Entry of **Judgment** and/or Order" entered by the District Court of the First Circuit, Honolulu Division, on June 19, 2020.[1] For the reasons explained below, we affirm.

Jefferson was charged by complaint with Harassment in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1)(b). She was arraigned on June 12, 2020. She was represented by a deputy public defender (**Arraignment Counsel**). She pleaded not guilty. Her oral motion for release from custody was denied. Bail was set at $500. She was returned to custody.

Jefferson's trial was held on June 19, 2020. She was represented by a different deputy public defender (**Trial Counsel**). The district court heard testimony from the

---

[1] The Honorable Alvin K. Nishimura presided.

complaining witness, the husband of the complaining witness, and Jefferson.  The court found Jefferson guilty as charged.  The State requested a sentence of 10 days of incarceration with credit for time served.  Trial Counsel requested a sentence of time served (7 days) and a waiver of fees due to inability to pay.  The court sentenced Jefferson to 7 days with credit for time served, and waived fees due to inability to pay.  The Judgment was entered on June 19, 2020.  This appeal followed.

Jefferson raises two points on appeal: **(1)** "Whether Jefferson was denied her constitutional right to reasonable bail?" and **(2)** "Whether Jefferson was deprived of [her] constitutionally guaranteed right to effective assistance of counsel?"

We must first address the issue of appellate jurisdiction because we have "an independent obligation to ensure jurisdiction over each case." State v. Smith, 149 Hawaiʻi 153, 163, 484 P.3d 166, 176 (App. 2021) (cleaned up).  The Judgment was entered on June 19, 2020.  Jefferson's notice of appeal was due on July 20, 2020.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rules 4(b)(1) and 26(a).[2]  Her notice of appeal was filed on August 14, 2020.  She did not obtain an extension of time to file the notice of appeal.

"[A]s a general rule, compliance with the requirement of timely filing of a notice of appeal is jurisdictional[.]" State v. Uchima, 147 Hawaiʻi 64, 77, 464 P.3d 852, 865 (2020) (citations omitted).  However, Jefferson expressed an intent to appeal when she was sentenced.  The supreme court "has allowed untimely appeals when 'defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance.'" Id. (citation omitted).  We conclude we have appellate jurisdiction.

---

[2]     The 30th day after June 19, 2020, was Sunday, July 19, 2020; the deadline was accordingly extended to Monday, July 20, 2020.

**(1)** Jefferson could not afford bail. She acknowledges she is raising the issue for the first time on appeal and claims to have been denied her constitutional right against excessive bail because the district court plainly erred when it failed to determine she would "appear when directed[.]" Haw. Const. art. I, § 12. We decline to recognize plain error because this issue is moot. Jefferson served 7 days of pretrial detention. She was sentenced to time served. There is no remedy or relief that this court can provide for Jefferson, see Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) ("[A] case is moot if the reviewing court can no longer grant effective relief.") (italics and citation omitted), and she does not claim any exception to mootness applies, Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5-11, 193 P.3d 839, 843-49 (2008) (addressing exceptions to the mootness doctrine).

**(2)** Jefferson claims to have been denied her right to effective assistance of counsel because Trial Counsel failed to timely file a notice of appeal. The late appeal issue is moot because we have appellate jurisdiction (discussed above).

Jefferson contends that Arraignment Counsel was ineffective because he failed to request a reduction in bail or a determination that Jefferson would appear when directed. We decline to address this issue because Jefferson did not serve her amended opening brief upon Arraignment Counsel, as required by HRAP Rule 28(a).³ In addition, the bail issue is moot as discussed above.

Finally, Jefferson contends that Trial Counsel failed to properly investigate the case. At trial, the complaining witness testified that her neighbors witnessed what happened. Jefferson argues that Trial Counsel failed to investigate whether the neighbors would corroborate her version of events, and whether any of them had taken cell phone videos that would have

---

³ We noted the deficiency and ordered that Jefferson's appellate counsel serve her amended opening brief on the attorneys alleged to have been ineffective. Jefferson served Trial Counsel, but not Arraignment Counsel.

been favorable to her. Claims of ineffective assistance of counsel based on a failure to investigate and obtain witness testimony "must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses." State v. Richie, 88 Hawaiʻi 19, 39, 960 P.2d 1227, 1247 (1998) (citations omitted). Jefferson has not proffered any affidavits or sworn statements to establish what the neighbors would have testified to, whether any videos exist or, if so, what the videos show. Her contention that Trial Counsel was ineffective is without merit. See State v. Reed, 77 Hawaiʻi 72, 84, 881 P.2d 1218, 1230 (1994) (holding that without supporting affidavits or sworn statements, the defendant's characterization of the witnesses' potential testimony "amounts to nothing more than speculation"), overruled on other grounds by State v. Balanza, 93 Hawaiʻi 279, 1 P.3d 281 (2000).

      For the foregoing reasons, the Judgment entered by the district court on June 19, 2020, is affirmed.

      DATED: Honolulu, Hawaiʻi, September 16, 2022.

On the briefs:

Nelson W.S. Goo,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge